# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00130-MR-DLH

| | |
|---|---|
| ECOMAC USA LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff Ecomac USA, LLC's Motion for Summary Judgment [Doc. 14] and Defendant United States Citizenship and Immigration Services' Cross-Motion for Summary Judgment [Doc. 15]. Plaintiff responded to Defendant's Cross-Motion [Doc. 16] and Defendant replied [Doc. 18].

## I. PROCEDURAL HISTORY

On May 16, 2017, the Plaintiff Ecomac USA LLC ("Ecomac USA" or "Plaintiff") brought this action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 500, et. seq, seeking judicial review of a final agency action. [Doc. 1]. Specifically, the Plaintiff seeks relief under 5 U.S.C. § 706, alleging that Defendant United States Citizenship and Immigration Services'

(USCIS or "Defendant") denial of Plaintiff's I-129 petition for L-1A nonimmigrant classification for its beneficiary, Luiz Coracini ("Coracini"), under the Immigration and Nationality Act (INA or the "Act"), 8 U.S.C. §§ 1101, et. seq, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). [See Doc. 1 at ¶ 12].

On October 2, 2017, Plaintiff filed a motion for summary judgment. [Doc. 14]. On November 8, 2017, Defendant filed a cross-motion for summary judgment. [Doc. 15]. Both parties contend that the material facts in this matter are not in dispute. [Docs. 14, 15]. Plaintiff concedes these facts "are reflected in the Certified Administrative Record[1] [ ] on file with the Court." [Doc. 14]. Defendant specifically contends that the Court's review is limited to the Administrative Record. [Doc. 15].

## II.  STANDARD OF REVIEW

When the USCIS grants or denies a petition for nonimmigrant worker classification, the decision is subject to judicial review under the APA. See 5 U.S.C. § 702. As such, the Court may set aside the agency's action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2); N.C. Wildlife Federation v. N.C.

---

[1] The Certified Administrative Record is cited herein as "AR." It is found in the Record of this case as Doc. 13-1.

Dept. of Transp., 677 F.3d 596, 601 (4th Cir. 2012). "This involves a searching and careful, but ultimately narrow and highly deferential, inquiry." Webster v. U.S. Dept. of Agriculture, 685 F.3d 411, 422 (4th Cir. 2012) (citations omitted). "Because this case involves the review of agency action pursuant to the APA, the Court's review is confined to the administrative record on which the agency's decision was based." Southern Four Wheel Drive Ass'n v. U.S. Forest Service, No. 2:10-cv-15, 2012 WL 4106427, at *2 (W.D.N.C. Sept. 19, 2012) (Reidinger, J.) (citations omitted). In the end, if the agency has followed proper procedure, and if there is a rational basis for its decision, the reviewing court will not disturb its judgment. Id. (citing Hodges v. Abraham, 300 F.3d 432, 445 (4th Cir. 2002)).

Both parties have moved for summary judgment. "Under APA section 706(2) review, the court does not employ the usual summary judgment standard." Id. (quoting Center for Sierra Nevada Conservation v. U.S. Forest Service, 832 F.Supp.2d 1138, 1148 (E.D.Cal. 2011)) (other citations omitted). Rather,

> Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether

3

> the agency action is supported by the administrative record and otherwise consistent with the APA standard of review.

University Medical Center, Inc. v. Sebelius, 856 F.Supp.2d 66, 76 (D.D.C. 2012) (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 769-70 (9th Cir. 1985)).

## III. FACTS FROM THE ADMINISTRATIVE RECORD

Ecomac Manutencao de Maquinas e Equipamentos Ltda. ("Ecomac Brazil") is a limited liability company located in Franco da Rocha, Sao Paulo, Brazil. [AR 49, 61, 65]. Luiz Coracini is the president, chief executive officer, and general manager of Ecomac Brazil. [AR 50, 78, 102]. Coracini owns Ecomac Brazil with his wife, Vera L.F. Coracini, who is the vice president. [AR 102, 107]. Ecomac Brazil installs, maintains, and repairs HVAC, refrigeration, air treatment and other types of industrial machinery. Ecomac Brazil also manufactures machinery and equipment for specific industrial uses. [AR 61, 65]. The total staff of Ecomac Brazil includes six employees and eight "contractors." [AR 103, 105]. Ecomac Brazil provides its services to a variety of entities, including its largest client, Petrobras, a semi-public Brazilian multinational corporation in the petroleum industry headquartered in Rio de Janiero, Brazil. [See AR 50].

Plaintiff Ecomac USA is a wholly-owned subsidiary of Ecomac Brazil. [AR 49, 50]. On October 23, 2014, Plaintiff, by and through Coracini, filed the Articles of Organization for Plaintiff with the North Carolina Secretary of State. [AR 139-41]. On June 30, 2015, Plaintiff filed with the USCIS a Form I-129 petition, together with an L Classification Supplement (collectively "Petition"), seeking L-1A manager or executive classification for Coracini, the beneficiary. [AR 41-52]. Plaintiff also submitted certain documents in support of its Petition. [See AR 53-148]. At the time, Coracini was living in Forest City, North Carolina, and had B-2 nonimmigrant status [AR 43, 54], which allows for temporary entry into the United States for tourism, pleasure or visiting. L-1A classification would allow Coracini to remain in the United States for a period of one year in order for Plaintiff to temporarily employ Coracini as a managing member to open Ecomac USA, a "new office" of Ecomac Brazil, in the United States. [AR 3]. Plaintiff seeks to open and operate this new office to assemble dosage regulation devises for various industries. [AR 3, 45]. The Petition lists the dates of Coracini's intended employment with Plaintiff as October 1, 2015 to September 30, 2016. [AR 45].

On September 17, 2015, after reviewing the Petition and supporting documents, the USCIS sent Plaintiff a Request for Evidence (RFE). [AR

5

165]. The RFE advised Plaintiff of all of the requirements for obtaining L-1A classification for Coracini and the evidence that Plaintiff still had to submit in order to satisfy those requirements. [AR 165-70]. Namely, the RFE stated that Plaintiff: (1) had failed to submit "any evidence" that "sufficient physical premises to house the new office [had] been secured;" (2) had failed to submit sufficient evidence to show that Coracini had at least one continuous year of full-time employment that was either managerial or executive with a qualifying organization within the three years before the petition was filed; and (3) had failed to submit sufficient evidence that "the new office will support an executive or managerial position within one year of petition approval." [AR 167-70]. The RFE outlined what evidence Plaintiff could submit that would be deemed sufficient to satisfy each of these requirements. The RFE also set December 13, 2015 as Plaintiff's deadline to respond. [AR 165, 167-70]. On December 9, 2015, Plaintiff responded to the RFE with additional documents. [See AR 171-318]. On April 27, 2016, the USCIS issued a decision denying Plaintiff's Petition on the ground that, even with the additional documents submitted, Plaintiff failed to satisfy each of the three requirements enumerated in the RFE. [AR 29-36].

On or about May 20, 2016, Plaintiff appealed this decision to the Administrative Appeals Office (AAO), arguing that the "petition should be

reevaluated under a standard of balanced fairness. Not on unbased [*sic*] negative conclusory speculations." [AR 26]. On October 14, 2016, the AAO issued a non-precedent decision dismissing Plaintiff's appeal. [AR 3-17]. In addition to citing the three grounds that formed the basis of the USCIS' original denial of Plaintiff's Petition, the AAO cited as an additional ground for dismissing the appeal that Plaintiff failed to show the requisite employer-employee relationship between the Plaintiff and the beneficiary as required by § 101(a)(15)(L) for intracompany transferees. [AR 16]. The AAO concluded, "[t]he petition will be denied and the appeal dismissed for the above stated reasons, with each considered as an independent and alternative basis for the decision." [Id.].

## IV. DISCUSSION

In the Complaint, Plaintiff alleges that Defendant erred in reaching each of the three conclusions Defendant made in support of its denial of Plaintiff's Petition. [See Doc. 1 at ¶¶ 14-17]. Plaintiff contends, "Defendant's actions in this case have been beyond arbitrary, capricious, abusive, and contrary to law, thus rendering them subject to correction by this Court under 5 U.S.C. §706." [Id. at ¶ 12]. Plaintiff requests that the Court enter

"[j]udgment under 5 U.S.C. §706 holding unlawful and setting aside Defendant's denial decision."[2,3] [Id. at 4].

Section 214.2(l) of the Chapter 8 of the Code of Federal Regulations, governs the admission of intracompany transferees. Section 214.2(l)(1) provides:

> (i) General. Under section 101(a)(15)(L) of the Act, an alien who within the preceding three years has been employed abroad for one continuous year by a qualifying organization may be admitted temporarily to the United States to be employed by a parent, branch, affiliate, or subsidiary of that employer in a managerial or executive capacity, or in a position requiring specialized knowledge. An alien transferred to the United States under this nonimmigrant classification is referred to as an intracompany transferee and the organization which seeks the classification of an alien as an intracompany transferee is referred to as the petitioner.

8 C.F.R. § 214.2(l)(1). "If the petition indicates that the beneficiary is coming to the United States as a manager or executive <u>to open or to be employed in a new office</u> in the United States, the petitioner shall submit evidence that:

> (A) Sufficient physical premises to house the new office have been secured;

---

[2] Plaintiff also requests that the Court order Defendant to grant Plaintiff's Petition. [Doc. 1 at 4]. As Plaintiff ultimately concedes in its Response [Doc. 16], the Court is without power to order the USCIS to grant the Petition at issue. See 5 U.S.C. § 706(2)(A).

[3] The Court notes that Plaintiff's motion and response are replete with sarcastic, disparaging and otherwise inappropriate rhetoric. Counsel for Plaintiff is cautioned against the use of any such language with this Court in the future.

8

> (B) The beneficiary has been employed for one continuous year in the three year period preceding the filing of the petition in an executive or managerial capacity and that the proposed employment involved executive or managerial authority over the new operation; and
>
> (C) The intended United States operation, within one year of the approval of the petition, will support an executive or managerial position as defined in paragraphs (l)(1)(ii)(B) or (C) of this section, supported by information regarding:
>
>> (1) The proposed nature of the office describing the scope of the entity, its organizational structure, and its financial goals;
>>
>> (2) The size of the United States investment and the financial ability of the foreign entity to remunerate the beneficiary and to commence doing business in the United States; and
>>
>> (3) The organizational structure of the foreign entity.

8 C.F.R. § 214.2(l)(3)(v) (emphasis added). Furthermore, in order to qualify, Plaintiff "must establish that [it] is eligible for the requested benefit <u>at the time of filing the benefit request</u> and must continue to be eligible through adjudication." 8 C.F.R. § 103.2(b)(1) (emphasis added). Where the USCIS requests additional evidence, as it did here, "[a] benefit request <u>shall be denied</u> where evidence submitted in response to a request for evidence does

not establish filing eligibility <u>at the time the benefit request was filed</u>."  8 C.F.R. § 103.2(b)(12) (emphasis added).

Accordingly, to prevail on its contention that Defendant abused its discretion in declining to grant Plaintiff's Petition, Plaintiff must demonstrate that the record compels each of the following three conclusions: (1) that Plaintiff had secured sufficient physical premises to house the new office of Ecomac USA at the time of filing the Petition; (2) that Coracini had been employed for one continuous year in the three-year period preceding the Petition in an executive or managerial capacity and that he would be acting in an executive or managerial capacity over Ecomac USA; <u>and</u> (3) that Ecomac USA, within one year of the approval of the Petition, will support an executive or managerial position as defined in 8 C.F.R. § 214.2(l)(1)(ii)(B) or (C).  <u>See</u> 8 C.F.R. § 214.2(l)(3)(v).  If the agency's determination regarding any one of these three issues was properly supported and reached without any abuse of discretion, then Defendant's motion must be granted and Plaintiff's motion must be denied.

### A. Physical Premises.

The Court first examines whether there is a rational basis for the AAO decision regarding the physical premises requirement.  In order to meet the physical premises requirement of the "new office" L-1A classification, Plaintiff

in this case must have submitted evidence to show that sufficient physical premises to house the new office had been secured at the time Plaintiff filed the Petition on June 30, 2015. 8 C.F.R. §§ 103.2(b)(1), 214.2(l)(3)(v); see AR 53.

According to the Petition, Ecomac USA intended to undertake the business of the "assembly of dosage regulation devices for industries." [AR 45]. In the Ecomac USA business plan that Plaintiff submitted in support of the Petition, Plaintiff states it will "design and manufacture [ ] equipment for application and mixing of chemicals" in the areas of petroleum, pharmaceuticals, paper and cellulose, water treatment, and petrochemicals. [AR 144]. The Petition and the documents submitted therewith, however, lack any reference to or evidence of the physical premises, if any, Plaintiff had secured in order to carry out these operations. [See AR 41-148]. In the RFE Defendant sent to Plaintiff in response to the Petition, Defendant states:

> You must show that sufficient physical premises to house the new office have been secured.
>
> You did not submit any evidence for this requirement.
>
> At the time of filing of a petition to open a new office, you must affirmatively demonstrate that you have acquired sufficient premises to commence business immediately upon the beneficiary's entry into the United States. Inherent to this definition, you must not only provide proof of a lease or acquisition of space, but also tie such space directly and

specifically to the planned scope of the entity, its organizational structure, and its financial goals….

You may still submit evidence to satisfy it.

[AR 167]. In response to the RFE, Plaintiff provided a Commercial Lease Agreement ("Lease") entered into between Plaintiff and Robert Carter, the landlord, on December 1, 2015, for the lease of a 5,000 square-foot facility located in Spindale, Rutherford County, North Carolina. [AR 173-75]. With the Lease, Plaintiff provided a floor plan and pictures of the facility. [AR 176-7]. The floor plan shows a "manufacture area," several "assembly areas," two "operational test areas," a "warehouse," and various rooms allocated for administrative, sales, and other functions. [AR 177].

The face of the Lease, however, shows that this facility had not been secured at the time Plaintiff first filed its Petition on June 30, 2015, as required by 8 C.F.R. §§ 103.2(b)(1) and (12). Rather, the facility was secured five months later on December 1, 2015. [AR 175]. Plaintiff argues that this is sufficient to reasonably fulfill the RFE. Plaintiff argues that the focus of the RFE was the ability of the Plaintiff to proceed with business. Since the Plaintiff had, as of the time of the RFE, secured additional premises to conduct the full gamut of Plaintiff's proposed business, Plaintiff provided a copy of the new lease. While Plaintiff's assumptions may have been rational, the Plaintiff's actions in response to the RFE failed to comport with

the express language of the RFE. The RFE asked for (and was required to ask for) the evidence of what premises the Plaintiff had secured "at the time of filing [the] petition to open [the] new office." [AR 167]. While the new lease of December 1, 2015 may have been a rational <u>supplement</u> to the information requested, it did not satisfy the request. Thus, when the AAO decision finding that Plaintiff's evidentiary submission failed to provide adequate evidence of the Plaintiff having secured premises as of the <u>date of the petition</u> (June 30, 2015), such determination was neither arbitrary nor capricious.

Plaintiff argues that the AAO's decision and the underlying requirement that a Plaintiff secure premises in advance of filing a petition runs counter to economic realities. The glacial pace of the bureaucratic process prohibits potential lessors and lessees from entering into such leases only to wait for months to learn whether the arrangement will be allowed. The Court is constrained, however, to apply the law as it is clearly written. <u>See</u> <u>Brazil Quality Stones, Inc. v. Chertoff</u>, 531 F.3d 1063, 1071 (9th Cir. 2008) ("[W]hatever policy Petitioner's argument might advance, we are bound by the plain terms of the INA and confined by the deferential standard with which we review agency decisions.") (citing 5 U.S.C. § 706(2)). Thus, the Plaintiff was required to submit evidence that it had secured adequate premises <u>as</u>

of the date of its petition to accommodate "the planned scope of the entity, its organizational structure, and its financial goals."[4] 8 C.F.R. §§ 103.2(b)(1) & (12), 214.2(l)(3)(v)(A). [AR 167]

In an attempt to satisfy the physical premises requirement, Plaintiff also submitted additional evidence to the Court outside of the Certified Administrative Record. Specifically, Plaintiff attached a letter from Plaintiff's registered agent, Gilbert Carmona, dated August 7, 2017, as an Exhibit to its Motion for Summary Judgment. [Docs. 14, 14-1]. Because of the nature of this proceeding, the Court is limited to the evidence in the Record that was presented as part of the administrative action. Such an attempt to supplement the Record at this late stage is without merit. Even if the Court could properly consider this letter, however, it still fails to meet the requirements set forth in the RFE. The letter only refers to Plaintiff having discussed securing a "store front" in May 2015. No lease was provided. Moreover, the very limited facilities then contemplated were insufficient to

---

[4] Arguably, requiring a showing of sufficient premises for the "planned scope of the entity, its organizational structure, and its financial goals" goes far beyond the regulatory request that the Plaintiff show that it secured "sufficient physical premises to house *the new office.*" 8 C.F.R. §214.2(l)(3)(v)(A) (emphasis added). However, Plaintiff submitted nothing in response to the RFE to show that ANY premises had been secured as of the petition date of June 30, 2015.

14

accommodate "the planned scope of the entity, its organizational structure and its financial goals." [AR 167].

As such, Defendant's finding that Plaintiff failed to provide evidence that Plaintiff had "complied with the regulatory provision at 8 C.F.R. § 214.2(l)(3)(v)(A)" by securing "sufficient business premises <u>as of the date the petition was filed</u>" was not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. [AR 5 (emphasis added)]. Therefore, summary judgment for Defendant is proper on this ground. <u>Family Inc. v. U.S. Citizenship and Immigration Services</u>, 469 F.3d 1313, 1316 (9th Cir. 2006).

**B.     Other Grounds Supporting AAO Dismissal of Appeal.**

Because the Court concludes that the USCIS did not abuse its discretion in finding that Plaintiff had failed to secure physical premises to house Plaintiff's new office at the time Plaintiff filed its Petition, Plaintiff cannot demonstrate that Coracini is eligible for L-1A classification. As such, the Court expresses no view on the agency's alternative determinations under 8 C.F.R. §§ 214.2(l)(3)(v)(B) and (C). <u>See</u> <u>Brazil Quality Stones</u>, 531 F.3d at 1071.

For the foregoing reasons, the Defendant is entitled to judgment as a matter of law. Defendant did not abuse its discretion in finding that Plaintiff

failed to present sufficient evidence to demonstrate that Coracini is eligible for L-1A classification.

## V. CONCLUSION

The decision of Defendant was not arbitrary, capricious, or an abuse of discretion, and it was in accordance with the law. Having conducted "a searching and careful, but ultimately narrow and highly deferential inquiry," the Court concludes that Defendant followed the proper procedure and that there is a rational basis for its decision. The decision, therefore, will not be disturbed.

**ORDER**

**IT IS, THEREFORE, ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment [Doc. 14] is hereby **DENIED**.

2. The Defendant's Cross-Motion for Summary Judgment [Doc. 15] is hereby **GRANTED**.

Judgment is entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 2, 2018

Martin Reidinger
United States District Judge